## SHIELDS v BARNER-MEAD LUMBER CO.

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 10,048. Decided October 7, 1929

Mr. O. F. Goudy, Esq., Cleveland, for Shields.

Messrs. Hole & Jeremiah, Cleveland, for Lumber Co.

VICKERY, PJ.

A defense was put up to the effect that this note had been paid, but an analysis of the testimony in this case will show that it is paid only argumentatively; that is,—and the whole testimony seems to sustain this point,—that after this note was made Shields and Company, Inc., paid The Barner-Mead Lumber Company more than the face of the note and, therefore, it is claimed by the plaintiff in error that all of this money, or so much of it as would discharge the note, should have been credited upon the note, whereas The Barner-Mead Company did not credit it upon the note, but applied the money to the payment of current bills.

Now the rights of the parties are determined by what took place between them. Here was something like $2100 which had been in a measure secured by giving a promissory note of a third person, and immediately upon the giving of this note, The Barner-Mead Lumber Company commenced to deliver other material; and the testimony of Mr. Mead, which is uncontradicted in the record, is to the effect that, after this note was given, Shields and Company, Inc., were to be given further material for which they were to pay as they received it, as said company claimed to have made some financial arrangement whereby it was going to discount its bills henceforth; and all the money that was paid by Shields and Company—and I guess there is no dispute as to the amount that was paid—was credited upon the current bills, but not upon the past bills which were secured by the note.

Had the payments which had been made by Shields after the giving of this note been directed by Shields to be applied upon that note, that is, had he

directly expressed to The Barner-Mead Lumber Company that the payments should be thus applied, under the Law The Barner-Mead Lumber Company would be compelled to so apply the payments. If, on the other hand, the payments were to be applied upon the current bills, or if there was no agreement between the parties as to where the payments should be applied, and The Barner-Mead Lumber Company had credited the payments upon the current bills, that would be a good payment of the current bills and the note would still be outstanding.

In the instant case it is not necessary to go into the law as to how payments should be applied in case the debtor had neither directed how the payments should be applied nor the creditor had applied them, because in the instant case the evidence is uncontradicted that there was no direction upon the part of the debtor to have this money applied on the note. It is true that Mr. Shields in his deposition said that he "intended" that the payments should be so applied, but what his intentions were could not be known to the other side unless he expressed what his intentions were, and there is nothing in his evidence to show that he directed Mr. Mead to apply any of the money that he paid to the extinguishment of this note. On the other hand, it is conceded that the money **was applied** to the current bills and Mr. Mead's testimony is unanswered and unequivocal, that the money that Shields paid after this note was given was to be applied upon the current bills. So it is not necessary for us to determine where the **law** would apply this money in case it had not been applied at all, for the writer of this opinion asserts, without fear of contradiction, that the law is universal that a debtor may direct the money to be paid upon a particular debt that he owes and, in the absence of such direction, the creditor may apply the payments to any item he desires, and in the case of such an application the law will regard that as properly applied.

But in addition to that, in this case, according to the testimony of Mead, it was applied in accordance with the **understanding** between Shields and himself when this note was taken and further credit extended to Shields and Company, Inc. We need not discuss the common sense and reasonableness of this proposition. That would be the ordinary course of business. The Barner-Mead Company had a note, apparently signed by a responsible person, and a concern that had so lost the confidence of its creditor company that further credit had been refused surely would not expect to be furnished with lumber, and that the payments that were subsequently made should be applied to pay off the claim that was amply secured by a note given by a good security. So not only the law but the common sense of the matter favors the judgment of the court below.

We·do not think there is any errror in this judgment and that the evidence fairly warrants the conclusion ·the trial court came to. There being no error in the record, the judgment will be affirmed.

Sullivan and Levine. JJ, concur.